**FILED**
**Aug 31, 2020**
**02:01 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| CONCEPCION GUATEMALA, | ) | Docket No. 2019-06-2251 |
| Employee, | ) | |
| v. | ) | State File No. 108266-2019 |
| TYSON FOODS, INC., | ) | |
| Employer. | ) | Judge Joshua Davis Baker |
| | ) | |

_____

## EXPEDITED HEARING ORDER
_____

In an August 13, 2020 expedited hearing, Mr. Guatemala requested reimbursement of medical expenses and additional or continuing medical treatment. Because he did not offer proof to authenticate or identify his medical bills, the Court excluded them from evidence; thus, the Court has no evidence on which to determine whether Tyson Foods should reimburse him for those bills. While Mr. Guatemala is unlikely to prove his work injury needs additional medical treatment, the Court awards him continued authorized treatment for the reasons below.

### Claim History

Mr. Guatemala injured his lower back on August 1, 2019, when a trailer became unlatched from the truck he drove and hit the back of his cab. Tyson provided immediate medical treatment in its clinic with a registered nurse, Vickie Sharpe. She treated him conservatively over several visits.

From there, accounts differ about whether Mr. Guatemala requested further medical care. He claims he sought unauthorized treatment because the nurse told him he did not need a doctor and that Tyson would not provide one. Ms. Sharpe contends that he never asked for any additional treatment.

Regardless, Mr. Guatemala returned to Tyson's clinic nearly eight months later to ask for reimbursement of the unauthorized medical expenses. He met with Nurse Manager

1

Pamela Blaker, who provided him a Choice of Physicians form. He chose Dr. Tarek Elalayli, an orthopedic spine surgeon.

Dr. Elalayli examined Mr. Guatemala and ordered an MRI. It showed a "normal study" without any acute injury or structural abnormality. On this finding, Dr. Elalayli diagnosed a lumbar sprain and explained that it "should have resolved by now." Dr. Elalayli wrote, "I really do not have a good explanation for why his pain persists greater than 1 year after his injury." He recommended a home exercise program.

Given his "numerous questions regarding why he [was] still in pain," Dr. Elalayli referred Mr. Guatemala to Dr. Jeffrey Hazlewood for pain management and "to determine whether or not the patient is a candidate for any further conservative treatment." Dr. Hazlewood provided an injection but recommended no further treatment. The doctor expressed confusion about why the injection made Mr. Guatemala feel worse. He wrote, "I have done everything I know to do. . . . I cannot explain why this type of injury over a year later would be getting worse, not better." Because he could not "delineate any structural injury here that occurred" from the work incident, Dr. Hazlewood placed Mr. Guatemala at maximum medical improvement without restrictions or permanent impairment. He noted, "I will see him back as needed."

During the hearing, Tyson offered Mr. Guatemala a return visit to Dr. Hazlewood, which he accepted.

## Findings of Fact and Conclusions of Law

Mr. Guatemala need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Although Mr. Guatemala requested reimbursement of his medical bills, the Court cannot decide that issue because he did not properly introduce any bills into evidence. An injured worker must authenticate medical bills under Rule 901 of the Tennessee Rules of Evidence and offer proof that the medical bills are reasonable, necessary, and causally related to the work accident. *Eaves v. Ametek, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-9 (Sept. 14, 2018).

The only remaining issues are whether Mr. Guatemala is entitled to any additional specific medical treatment and continuing medical treatment.

As for specific medical treatment, Mr. Guatemala did not show he is likely to prove at a final hearing that he needs reasonably necessary medical treatment that Tyson has not already provided. The Worker's Compensation Law requires an employer to "furnish, free

of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Notably, where a panel-selected physician finds no additional treatment necessary and places the injured worker at maximum medical improvement, absent evidence to the contrary, the worker is not entitled to additional treatment. *Petty v. Convention Prod. Rigging*, 2016 TN Wrk. Comp. App. Bd. 95, at *18-19 (Dec. 29, 2016).

Here, Mr. Guatemala did not present evidence contradicting the physician's opinions that he is at maximum medical improvement and needs no further treatment. The Court cannot substitute its, or Mr. Guatemala's, medical opinion or judgment for that of trained physicians. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Turning to the continuing medical treatment issue, Tyson has not left Mr. Guatemala without options. In fact, Tyson agreed that Mr. Guatemala could return to Dr. Hazlewood if he wished. Dr. Hazlewood also agreed to see him again if necessary. Mr. Guatemala requested a return visit at the hearing, and Tyson agreed to provide it.

**IT IS ORDERED** as follows:

1. Based on the parties' agreement, the Court orders Tyson to authorize an appointment with Dr. Jeffrey Hazlewood.

2. Mr. Guatemala's request for reimbursement of medical benefits is denied for lack of proof.

3. The Court sets this claim for **a scheduling hearing on Monday, October 26, 2020, at 9:00 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED August 31, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

# APPENDIX

<u>Exhibits</u>:

1. Affidavit of Concepcion Guatemala
2. Medical Records, submitted by Mr. Guatemala
3. Medical Records, submitted by Tyson
4. Rule 72 Declaration of Pam Blaker
5. Rule 72 Declaration of Vickie Sharpe
6. Choice of Physicians Form
7. Team-member Statement of Injury/Illness

<u>Technical Record</u>:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 31, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Concepcion Guatemala, Employee | | | X | guatemala121976@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____/Penny Shrum/_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*